N.P.E.F. Corporation v. Commissioner.
N.P.E.F. v. Commissioner
Docket No. 6883.
United States Tax Court
1946 Tax Ct. Memo LEXIS 202; 5 T.C.M. (CCH) 313; T.C.M. (RIA) 46100; April 29, 1946
Jacob I. Charney, Esq., 420 Lexington Ave., New York 17, N. Y., for the petitioner. Thomas R. Charshee, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined deficiencies in income tax and penalties for the fiscal years ended October 31, 1940, and *203 October 31, 1941, in the following amounts, all of which are in issue: Deficiency
Penalty
1940
$ 78.65
$19.66
1941
60.91
15.23
Total
$139.56
$34.89
The sole question is whether petitioner is an organization exempt from taxation under section 101 of the Internal Revenue Code. Findings of Fact Petitioner is a corporation organized on November 13, 1939, under the Membership Corporation Law of the State of New York, and has its principal office at 45 West 45th Street, New York City, New York. Its income tax returns for the years involved were filed with the collector of internal revenue for the third district of New York. The purposes of petitioner, as set forth in its Certificate of Incorporation, are as follows: 2. The purposes for which it is to be formed are, without profit to any member, officer or director thereof; To encourage and render financial assistance to such college students as it may select, who require such assistance to enable them to complete their college education; To encourage scholastic excellence and useful extra-curricular activity on the part of college students or a group or class of college *204 students by awarding such prizes or other recognition as it may from time to time deem desirable; To encourage and render financial assistance in aid of proper housing of college students or a group or class of college students, selected or limited, as it may prescribe; To encourage and render financial assistance to an organization of college students promoting or tending to promote fellowship and friendly intercourse among college students or a group or class of college students selected or limited as it may prescribe; To acquire, hold, maintain and from time to time enlarge and manage one or more funds, and to expend the income or principal, or both the income and principal thereof, in furtherance of any one or more of the foregoing purposes; to invest such fund or funds and sell and reinvest the proceeds of such sale in securities or any and all other property, real or personal, of such class or kind, without any restriction, as its by-laws from time to time prescribe. Its by-laws provide as follows: ARTICLE I MEMBERSHIP Section 1. Every member of the Supreme Council of Zeta Beta Tau Fraternity shall ex officio be a member of this corporation. Upon the termination *205 of the member's membership in the said Supreme Council his membership in this corporation shall forthwith terminate. * * * * *
ARTICLE VI CONTRIBUTIONS Section 1. The principal source of corporate funds shall be subscriptions and contributions from members of this corporation and of Zeta Beta Tau Fraternity and others. Section 2. In the event of the dissolution of the corporation its net assets shall be turned over to Zeta Beta Tau Fraternity for its general purposes. Section 3. The principal of any fund or funds acquired, held, maintained or managed by the Board of Directors of this corporation, or any part thereof, or the income of such fund or funds, or any part thereof, shall be used for and applied to such purpose or purposes for which this corporation has been formed and may at any time be transferred to Zeta Beta Tau Fraternity. Zeta Beta Tau Fraternity, hereinafter referred to as the Fraternity, was organized on October 28, 1907, under the Membership Corporations Law of the State of New York, and has its principal office at the same place as petitioner. It is a college fraternal organization formed to promote the principles of friendship and brotherhood among *206 college men, and has the power to issue and authorize charters for any of the states and territories of the United States. During the years involved, the Fraternity had chapters in 35 of the largest universities and colleges in the United States. Under the date of October 10, 1940, respondent ruled that the Fraternity was exempt from tax under the provisions of section 101 (9) of the Internal Revenue Code. In 1929 the constitution of the Fraternity was amended so as to include, among the powers of its Supreme Council, the following: * * * impose and collect alumni dues; establish an endowment fund for the Fraternity and adopt and provide any rules and regulations necessary to the collection, management and disbursement of the said fund; * * * After this amendment the Fraternity created and established an endowment fund for the following purposes: (1) To endow itself; (2) to provide scholarships for its members; (3) to make loans to its student members on the basis of scholarship and necessity; and (4) to provide loans or sums of money to its chapters for the purposes of buying or building adequate fraternity houses. The endowment fund was known *207 as the National Permanent Endowment Fund or by its abbreviated name, N.P.E.F., from which abbreviated name petitioner acquired and adopted its corporate name. Prior to petitioner's incorporation the fund was administered by six trustees elected by the Fraternity's Supreme Council. Petitioner's incorporators were the six trustees so elected. All of the trustees were and still are members of the Fraternity. Petitioner's members are the members of the Supreme Council of the Fraternity who represent the members of the Fraternity. From 1930 until the time of petitioner's incorporation the fund increased to approximately $100,000. The source of the fund has been subscritions and contributions from the Fraternity's members, both undergraduate and alumni. For the purpose of holding title to the fund, for convenience and economy of administration, and to assure its permanency petitioner was organized, and upon its organization the Fraternity transferred to it and it accepted title to all the assets and property of the fund, assuming all the liabilities and obligations of the fund. For the years involved petitioner paid, respectively, the amounts of $700 and $750 out of the income collected *208 and received from the fund to the Fraternity in order to subsidize the salary of a field secretary. During each of the years involved petitioner made a scholarship award of $100 to a Fraternity member. During the years involved loans were made to ten student members of the Fraternity aggregating approximately $2,200. Housing loans were made to various chapters of the Fraternity approximating $22,000. Petitioner turns over to or expends for the benefit of the Fraternity the entire amount of income which it receives. None of the officers, directors, or members of the petitioner receives any compensation from petitioner, and all services rendered for and on behalf of petitioner are purely voluntary. All of the clerical and administrative work is performed at the central offices of the Fraternity. Petitioner has no stockholders and is not organized for profit. No part of petitioner's activities consists in carrying on propaganda or influencing legislation. No part of its net earnings inures to the benefit of any shareholder or individual. Opinion The sole basis for respondent's denial of petitioner's claim to exemption under section 101 (14) of the Code [1] is that petitioner *209 was not "organized" for the stated purpose. The implication is that even though petitioner's operation satisfies the specified requirements, we must look exclusively to the purposes described in its corporate charter. But the statements upon which respondent relies for this proposition contained in Sun-Herald Corp. v. Duggan (C.C.A., 2nd Cir.), 73 Fed. (2d) 298, certiorari denied, 294 U.S. 719, were repudiated by the same court in Roche's Beach, Inc. v. Commissioner (C.C.A., 2nd Cir.), 96 Fed. (2d) 776. We are satisfied that the plan, purpose, and operation of petitioner's organization justify the conclusion that it is organized solely in order to hold property for, and deliver its income directly or indirectly to, Zeta Beta Tau Fraternity, an *210 exempt corporation; consequently, that petitioner falls within the class described in section 101(14). Decision will be entered for the petitioner. Footnotes
1. "SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS. "The following organizations shall be exempt from taxation under this chapter - * * *
"(14) Corporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this chapter;"↩